In re GLUCK.

(Supreme Court, Appellate Division, First Department.    June 17, 1910.)

ATTORNEY AND CLIENT (§ 38*)—DISBARMENT OF ATTORNEY—SUSPENSION—GROUNDS.

Where an attorney deceived his client as to the services he had been employed to perform, failed utterly to protect his client, obtained from the latter the execution of instruments containing clauses that the client supposed had been erased, and was also guilty of misconduct in practicing law under a firm name which included the names of attorneys with whom respondent had never been associated, suspension from practice for one year would be ordered.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

Proceedings for the disbarment of Maurice B. Gluck, an attorney. Report of referee confirmed, and respondent suspended from practice for one year.

See, also, 133 App. Div. 900, 118 N. Y. Supp. 1093.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Joseph H. Adams, for petitioner.
Theodore H. Lord, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The charges in this proceeding were referred to a referee, who after a careful consideration has reported sustaining the charges, and we adopt the report of the referee as fully justified by the evidence. In view of the determination at which we have arrived, it is quite unnecessary for us to review the charges or the facts found by the referee to sustain them. It is quite evident that the respondent deceived his client as to the services that he had been employed to perform; that he utterly failed to properly protect his client; that he obtained from his client the execution of instruments containing clauses that his client supposed had been erased; and his conduct was necessarily such as to require discipline. The respondent was also guilty of misconduct in practicing law under a firm name which included the names of two lawyers with whom he had never been associated in practice, and with whom he had no relation. See Matter of Kaffenburgh, 188 N. Y. 49, 80 N. E. 570. The referee's report therefore stands confirmed.

In relation to punishment, we have considered the extenuating circumstances which were presented by the respondent, and, considering all circumstances, have concluded that the respondent should be suspended from practice for one year from the date of the entry of the order; and it is so ordered.